IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Montavis Kentrail Gaines, | ) | |
| | ) | Civil Action No. 5:19-cv-00607-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Beckwith, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Montavis Kentrail Gaines, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") on March 1, 2019. (ECF No. 1.) The matter before the court is a review of the Report and Recommendation ("Report") issued by the Magistrate Judge on March 27, 2019. (ECF No. 15.) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 15) and **DISMISSES** the Habeas Petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently incarcerated at Ridgeland Correctional Institution in Ridgeland, South Carolina, serving a twenty-five (25) year sentence after a jury found him guilty of armed robbery, criminal conspiracy, and assault and battery with intent to kill. (ECF No. 15 at 1.) The Magistrate Judge points out that "[t]he instant petition is the second habeas action filed by Petitioner challenging the same convictions." (*Id.* (citing *Gaines v. Cothran*, C/A No.: 1:14-4652-JMC ("*Gaines I*")).) The South Carolina Court of Appeals dismissed Petitioner's appeal in October 2009, and remittitur was issued within the same month. (*Id.* at 1-2.) In November 2019, Petitioner filed an application for post-conviction relief ("PCR") on November 6, 2009, and the PCR court filed an order of dismissal on April 11, 2012. (*Id.* at 2.) Petitioner's appeal of the PCR court's

1

decision was denied by the South Carolina Court of Appeals in December 2014, and remittitur was issued in January 2015. (*Id.*) Petitioner filed a complaint in *Gaines I* on December 10, 2014, which resulted in this court granting the respondent's Motion for Summary Judgment in that case. (*Id.* (citing ECF No. 54).) Petitioner appealed the court's ruling, and the Fourth Circuit Court of Appeals dismissed the appeal in February 2017. (*Id.* (citing ECF No. 66).) The Magistrate Judge issued her Report and Recommendation on March 27, 2019 (ECF No. 15), to which Petitioner filed objections on April 8, 2019 (ECF No. 19). Petitioner also filed a Motion to Stay on April 10, 2019, requesting "the court to stay his [H]abeas [P]etition until the Fourth Circuit grant[s] leave to file a second or successive [H]abeas [P]etition." (ECF No. 21 at 1.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

The Report provides that "[t]he instant Petition seeks a writ of habeas corpus on the same conviction." (*Id.* (citing ECF No. 1).) The Magistrate Judge found that "[b]ecause there is no showing that Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it." (*Id.* at 3-4.) The Report provides that "[t]he instant Petition seeks a writ of habeas corpus on the same convictions that were addressed in *Gaines I*" and that "[u]nder the [Anti-Terrorism and Effective Death Penalty Act of 1996], an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, without first receiving permission to do so from the appropriate circuit court of appeals." (ECF No. 15 at 2-3 (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the

3

district court. 28 U.S.C. § 2244(b)(3)(A)." (*Id.*) Upon a thorough review of the record, the court finds that Petitioner did not receive permission from the Fourth Circuit, and therefore, the court does not have jurisdiction to consider Petitioner's Habeas Petition.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and **DISMISSES** Petitioner Montavis Kentrail Gaines' Writ of Habeas Corpus Petition (ECF No. 1). Petitioner's Motion to Stay (ECF No. 21) is moot.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 16, 2019
Columbia, South Carolina